# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STARSTONE SPECIALTY
INSURANCE COMPANY,

      **Plaintiff,**

v.                                                                      **Case No: 6:25-cv-2145-GAP-DCI**

CONCORD MANAGEMENT LTD,
RIVER RIDGE APARTMENTS LTD,
WATERVUE PARTNERS, LLC,
MARLENE BARBAN, and JAY ALAN
DURRANCE,

      **Defendants.**

_____

## ORDER

This cause comes before the Court on Plaintiff's Motion for Order Authorizing Alternative Service of Process.  Doc. 52 (the Motion).  Plaintiff requests permission to serve Defendant Jay Alan Durrance (Durrance) through alternative means because Plaintiff has been unable to serve the Amended Complaint despite diligence and repeated attempts at service.  *Id*.  In support of the Motion, Plaintiff details its efforts to serve Durrance, who appears to be evading service.  For the reasons stated herein, the Court finds that the Motion is due to be granted to the extent that Plaintiff may effectuate service on Durrance through publication.

## I.        Background and Procedural History

Plaintiff brings this action seeking declaratory relief related to its rights and obligations under a "real estate services professional liability policy."  Doc. 17.  In relevant part, Plaintiff alleges that Durrance filed a lawsuit against Watervue Partners in state court on behalf of himself and others similarly situated.  *Id*. at 2. Plaintiff requests a declaration that its policy is "not

implicated by the Durrance Class Actions and there is no duty to defend with respect to the Durrance Class Action." *Id.* at 27. Plaintiff also seeks a declaration that it has no obligation to indemnify Concord or Watervue with respect to the Durrance underlying lawsuit. *Id.* at 30.

By order dated April 2, 2026, the Court stayed the case until July 6, 2026, and directed the parties to file status reports. Doc. 46. The Court provided that if the case has not been settled by July 6, 2026, and the parties determine the case will go forward, they shall submit an amended case management report by July 17, 2026. *Id.* Despite the stay, the Court ordered Plaintiff to effect service on Durrance on or before July 6, 2026. Doc. 50.

Plaintiff now moves to effect service through alternative means because Plaintiff has been unable to serve Durrance. Doc. 52. Plaintiff has attached an affidavit in support of the request and a Notice of Action. Docs. 52-1; 52-4. Plaintiff has also filed a Summons returned unexecuted with respect to the service attempts on Durrance. Doc. 51.

## II.    Legal Standard

Federal Rule of Civil Procedure 4 governs service of process. Rule 4(e) allows service upon an individual in accordance with state law, and provides, in pertinent part, that an individual within the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed.R.Civ.P. 4(e)(1).

In general, "Florida statutes governing service of process 'are strictly construed.'" *Sunscreen Mist Holdings, LLC v. Snappyscreen, Inc.*, 2017 WL 5952874, at *3 (M.D. Fla. Nov. 14, 2017), *report and recommendation adopted by*, 2017 WL 5889729 (M.D. Fla. Nov. 29, 2017) (quoting *Estela v. Cavalcanti*, 76 So.3d 1054, 1055 (Fla. 3rd DCA 2011)). But, Florida law

permits constructive service of process on an individual in certain circumstances, including service by publication when personal service cannot be accomplished.  *See* Fla. Stat. §§ 49.011, 49.021.

Section 49.011 delineates the types of actions in which a plaintiff may seek to serve a defendant by publication, and as relevant here, that list includes an action "[f]or the construction of any will, deed, contract, or other written instrument and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien, or interest thereunder."  Fla. Stat. § 49.011 (5).  A condition precedent to service by publication is for the plaintiff, or its agent or attorney, to file a statement, which may be contained in a verified pleading, affidavit, or other sworn statement, and in accordance with Fla. Stat. §§ 49.031 and 49.041. Fla. Stat. § 49.031.

Under Florida law, to serve an individual by publication, the sworn statement must provide the following:

(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and

(2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and

(3) In addition to the above, that the residence of such person is, either:

(a) Unknown to the affiant; or
(b) In some state or country other than this state, stating said residence if known; or
(c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

Fla. Stat. § 49.041.  Further, "[a]ll notices of action . . . shall be published once during each week for 4 consecutive weeks (four publications being sufficient) in some newspaper published in the county where the court is located."  Fla. Stat. § 49.10(1)(a).

- 3 -

Moreover, "[w]hen a plaintiff seeks service of process by publication, due process demands that an honest and conscientious effort, reasonably appropriate to the circumstances, be made to acquire the information necessary to fully comply with the controlling statutes." *Evanston Ins. Co. v. 88 Spa LLC*, 2020 WL 5822067, at *2 (M.D. Fla. Apr. 13, 2020) (quoting *Miller v. Partin*, 31 So. 3d 224, 228 (Fla. 5th DCA 2010)). "In considering whether a plaintiff conducted a diligent search and inquiry, courts must therefore determine 'whether the plaintiff reasonably employed the knowledge at his or her command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the surrounding circumstances to acquire the information necessary to enable the plaintiff to effect personal service on the defendant.'" *Id.* (quoting *Miller*, 31 So. 3d at 228).

### III.     Discussion

As an initial matter, Plaintiff does not specify the proposed alternative method for service but lists the following options for the Court's selection: (1) authorization to affix a copy of the summons and Amended Complaint on Durrance's door and to mail copies to that address by certified and first-class mail; (2) service by publication; (3) service on the Secretary of State; or (4) any other method the Court deems reasonable. Doc. 52 at 9 to 10. Since Plaintiff's first option does not appear to be valid in Florida and Plaintiff does not adequately brief service on the Secretary of State,[1] the Court will consider the request to serve by publication, which Plaintiff seems to favor. *See* Doc. 52 at 5 to 8.

---

[1] *See Coffin v. Brandau*, 642 F.3d 999, 1007 (11th Cir. 2011) ("[U]nlike some states, Florida statutes do not provide for proper service of process to be made by affixing a copy to the door of the residence and following up with a mailed copy."). Plaintiff does not cite to a Florida statute or any other law to support the request to serve in this manner. As such, to the extent alternate service by affixing a copy to a door is a valid method, Plaintiff is not entitled to relief. *See* Local Rule 3.01(b). And, with respect to service through the Secretary of State, Plaintiff mentions that Florida permits alternative service on the Secretary pursuant to Florida Statutes section 48.161 but

The Court finds that Plaintiff has complied with the applicable Florida law for service by publication and has made an adequate showing that it conducted a diligent search and inquiry in an effort to serve Durrance. Specifically, the action falls within the parameters of section 49.011 because it is an action for declaratory relief. *See* Fla. Stat. § 49.011(5). Further, Plaintiff's counsel, Eli M. Marger (Marger), has provided an "Affidavit of Due Diligence" in support of the Motion which sufficiently demonstrates that Plaintiff made a diligent search and inquiry to serve Durrance—who Marger attests is over the age of 18—by retaining a process server to locate and attempt service multiple times. Doc. 52-1. In the affidavit, Marger details that he conducted a public records and skip trace to locate Durrance's residence and provided the server with the information on the residency. *Id.* at 2 to 3. Marger provides that from December 30, 2025 to February 9, 2025, the process server attempted to serve Durrance 9 times. *Id.* at 2, 3 to 4; *See also*, Doc. 51.

Those attempts included service on an individual who "quickly drove away" upon the server's approach and service at the residence with no response at the door even though a vehicle was parked in the driveway. Doc. 52-1 at 3. Marger states that the vehicle parked in the driveway had a "license plate consistent with Durrance's vehicle registration as determined by [Plaintiff's] investigation." *Id.* According to Marger, on at least one attempt, the process server heard someone inside the dwelling, but the individual refused to answer the door. *Id.*

Notably, Marger states that Durrance is represented by counsel in his underlying class action suit, and Marger "has been in regular contact with Durrance's counsel." *Id.* at 5. Marger represents that he requested that Durrance's counsel in the underlying action accept service on

---

does not otherwise adequately brief the request. *See* Doc. 52 at 4 to 5, 9. Accordingly, the Court will determine if publication by service is appropriate.

Durrance's behalf or "facilitate voluntary acceptance of service," but Durrance's counsel has not confirmed authority to accept the service. *Id*. at 5. Marger states that "after review of public records, skip-traces/comprehensive reports, a search of the Florida Department of Corrections website, [Plaintiff] knows of no other locations at which to effectuate service over Durrance." *Id*. Given Plaintiff's inability to serve Durrance, Plaintiff believes Durrance is evading service. Doc. 52 at 2, 6.

Based on Marger's affidavit and other relevant documents provided in support of the Motion, Plaintiff has demonstrated that service on Durrance by publication is warranted. *See Progressive Am. Ins. Co. v. Jager*, 2025 WL 2986651, at *3 (M.D. Fla. Oct. 23, 2025) (finding that a plaintiff demonstrated that service by publication was appropriate upon review of an affidavit and other documents) (citing *Burlington Ins. Co. v. Indus. Steel Fabricators Inc.*, 2009 WL 10697072, at *1 (M.D. Fla. Feb. 2, 2009) (allowing substitute service by publication due to defendant's evasion of service); *Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.*, 2010 WL 118210, at *1 (M.D. Fla. Jan. 8, 2010) (permitting substitute service by publication due to defendants attempting to conceal their whereabouts to avoid actual service)).

**IV. Conclusion**

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion (Doc. 52) is **GRANTED in part** to the extent that Plaintiff is permitted to effectuate service of process by publication on Durrance in accordance with the requirements of the applicable Florida law **on or before July 6, 2026**;[2]

---

[2] Plaintiff requests that the Court specify the time within which alternative service must be completed, but the Court has already set the July 6, 2026 deadline for service on Durrance. Doc. 50. Plaintiff has not argued or demonstrated good cause for an extension of that deadline.

2.      the Clerk of Court is directed to issue a Notice of Action for Durrance (Doc. 52-4) and mail a copy of the Notice of Action to Durrance at 778 Holly Hill Drive, Casselberry, Florida 32707;

3.      Plaintiff may publish the Notice of Action in a newspaper in Seminole County, Florida in compliance with Florida Statutes section 49.10; and

4.      The remainder of the Motion (Doc. 52) is **DENIED**.

**ORDERED** in Orlando, Florida on April 27, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties